## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BARBARA FAIR,
      Plaintiff,

      v.

No. 3:15-cv-681 (SRU)

DEAN ESSERMAN,
      Defendant.

## ORDER

On May 7, 2015, the plaintiff, Barbara Fair, filed a complaint against the defendant, Dean Esserman, the Chief of the New Haven Police Department, in both his personal and official capacities. (doc. 1) The complaint alleges that Esserman violated Fair's First Amendment rights and therefore 42 U.S.C. § 1983 by preventing her from attending two public meetings to discuss police misconduct. On July 6, 2015, Esserman moved to dismiss only the claims against him in his official capacity for failure to state a claim upon which relief could be granted. (doc. 12) On August 31, 2015, Fair opposed that motion, and also moved for judicial notice of certain documents in support of her claim.[1] (doc. 16)

For the foregoing reasons, I **deny** Esserman's motion to dismiss, and **grant in part** and **deny in part** Fair's motion for judicial notice.

## I.      Standard of Review

### A.  Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch*

---

[1] Esserman has not filed a reply brief nor requested additional time to do so.

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

B.  Motion for Judicial Notice

Federal Rule of Evidence 201 allows a court to take notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court "must take judicial notice if a party requests it and the court

is supplied with the necessary information." Fed. R. Evid. 201(c). The Second Circuit has,

however, recognized that judicial notice may be restricted to facts that are relevant to the dispute

at hand. *See Rothstein v. Balboa Ins. Co.*, No. 14-1112, 2014 WL 4179879, at *1 (2d Cir. June

25, 2014) (citing *United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981)).

A request for judicial notice may be taken "at any stage of the proceeding," and upon a

timely request, the court must allow the parties "to be heard on the propriety of taking judicial

notice and the nature of the fact to be noticed." Fed. R. Evid. 201(d)–(e). Because a request may

be taken "at any stage of the proceeding," district courts have utilized judicial notice at the

motion to dismiss and summary judgment stages. Fed. R. Evid. 201(f); *Singleton v. N.Y.C.*, 632

F.2d 185, 204 (2d Cir. 1980) (Weinstein, D.J., dissenting); *Bulova Watch Co., Inc. v. K. Hattori*

*& Co., Ltd.*, 508 F. Supp. 1322, 1328 (E.D.N.Y. 1981) (gathering cases); *United States* ex rel.

*McLaughlin v. N.Y.*, 356 F. Supp. 988, 990 (E.D.N.Y. 1973).

## II.     Background

The New Haven Police Department holds public meetings every Thursday at the police

headquarters. Compl. ¶ 5. Fair, a community activist in New Haven, attended one such meeting

to discuss an investigation into police misconduct and a subsequent backlash from the police

union. Compl. ¶¶ 6–11. At the meeting, Fair made some negative statements about the New

Haven police. Compl. ¶ 11.

Fair's complaint states that Esserman is the chief of the New Haven police. Compl. ¶ 4.

When Fair attempted to attend the Thursday meeting the following week on March 9, 2015, Fair

alleges that Esserman asked her to leave, citing her "rude and disparaging remarks" in the

previous meeting. Compl. ¶ 13. When Fair refused to leave, Esserman adjourned the meeting.

Compl. ¶ 15.  On March 16, 2015, Fair again tried to attend the public meeting. Compl. ¶ 16.

Esserman denied her entrance to the building. *Id.*

On the basis of those two denials, Fair asserts that Esserman violated her First

Amendment rights and section 1983. She does not discuss or reference any other similar or

related instances. Esserman now moves to dismiss only the claims against him in his official

capacity.

### III.    Discussion

A. <u>Esserman's Motion to Dismiss</u> (doc. 12)

Esserman claims that the complaint fails to state a claim against him in his official

capacity because it fails to sufficiently allege that the violation was pursuant to an official policy

or custom.

"Section 1983 claims against municipal employees sued in their official capacity are

treated as claims against the municipality itself." *Seri v. Town of Newtown*, 573 F. Supp. 2d 661,

671 (D. Conn. 2008) (citations omitted). "Therefore, in order to assert a viable claim against a

municipal employee in his official capacity, the plaintiff must have a viable *Monell* claim against

the municipality." *Id.* (discussing *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978)). *Monell*

holds that a municipality is not liable under section 1983 for the constitutional torts of its

employers solely on a respondeat superior basis. *Monell*, 436 U.S. at 690. Instead, in order to

establish municipal liability, the plaintiff must prove three elements: (1) the existence of an

official policy or custom; (2) that caused the plaintiff's harm; (3) which harm is the denial of a

constitutional right. *Zahra v. Town of Southold*, 48 F. 3d 674, 685 (2d Cir. 1995). Only the first

element is at issue in the instant motion to dismiss.

To establish the policy element, a plaintiff may show either: (1) the existence of an official policy, *Monell*, 436 U.S. at 690; (2) that an official with final policy-making authority took action or made a specific decision that caused the deprivation, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); or (3) the deprivation was caused by an unlawful practice amongst subordinate officials that was so widespread as to imply constructive acquiescence by policy-making officials, *City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988).

The parties appear to agree that Fair's claim could only raise the second argument—that is, that Esserman acted as an official with final policy-making authority. Esserman argues that Fair's claim has two fatal weaknesses: first, she only alleges at most two incidents, and fails to allege facts outside of her own case, Def.' Br. 5-6. Second, he claims that the complaint is insufficient because it fails to allege that Esserman was a policy-making official, Def.'s Br. 7.

With respect to the first argument, Fair correctly points out that a single unconstitutional act taken by a policy-maker may be sufficient to impose liability on a municipality. Pl.'s Br. 3, 6–7; *see also Pembaur*, 475 U.S. at 470 ("[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). Esserman's argument to the contrary largely relies on cases where the plaintiff argued for the existence of an official policy, rather than actions taken *by* a policy-maker. *See* Def.'s Br. at 5–6; *see also, e.g.*, *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (discussing the policy requirement and the subordinate officials exception in the context of failure to supervise claim); *Appletree v. City of Hartford*, 555 F. Supp. 224, 228 (D. Conn. 1983) (discussing the policy requirement and the subordinate officials exception in the context of an "acquiescence" claim); *Smith v. City of New York*, 290 F. Supp. 2d 317, 322–23 (E.D.N.Y. 2003) (rejecting "boilerplate" assertion of existence of policy). His citation to *Board of Commissioners v. Brown*, 520 U.S. 397

5

(1997), is particularly unconvincing because that decision turned on the difficulty of showing fault and causation on the part of the alleged policy-maker, and in fact discusses at length prior cases where, in the absence of such fault and causation questions, a single act by a policy-maker was sufficient to confer liability. *Id.* at 406–07, 409.

Rather than turning on the number of incidents, "the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of the municipality itself." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004). Esserman does not squarely deny that he was acting as the final policy-maker, but instead asserts that Fair "failed to allege" such authority.  Pl.'s Br. at 7. The relevant portion of the complaint alleges that: "Dean Esserman is the chief of police of the New Haven Police Department." Compl. ¶ 4. Drawing all inferences in favor of the plaintiff, that pleading is sufficient to suggest that he is the final policy-maker for police actions at the motion to dismiss stage. *See Hughes v. City of Hartford*, 98 F. Supp. 2d 114, 118 (D. Conn. 2000) (permitting a complaint that "skates the edge of what constitutes sufficient pleading for section 1983 municipal liability" to survive a motion to dismiss). And assuming at this stage of the proceedings that Esserman is a final policy-maker, his personal actions to remove Fair from a public meeting would not present any questions of fault or causation regarding Fair's alleged deprivation of First Amendment rights. *See Pembaur*, 475 U.S. at 485 (finding section 1983 violation where it was not disputed that the final policy-maker had specifically directed the action resulting in the deprivation).

Moreover, as discussed below, I may take judicial notice of the City Charter at the motion to dismiss stage, and the allegations in the complaint, combined with the municipal powers as set out in the Charter, make at least a plausible legal argument that Esserman is a final policy-maker on the matters at issue in this case.

First, Section 12(A)(1) of the Charter establishes that the chief of the police department is the "chief executive officer of the department" and is "responsible for the execution of all laws and rules and regulations for the department." While that executive function is arguably distinct from a policy-making role, Section 12(A)(2) states that the police chief "shall have control of all the property of said City used for and by said department[]."  That provision arguably indicates that Esserman had control over decisions about who to let in and out of the police headquarters, where the alleged violation occurred. Section 12(E)(1) states that the Board of Police Commissioners "together with the chief shall make all rules and regulations relating to the administration of the department which it may deem necessary or advisable," again suggesting that the chief of police is at least one of the final policy-makers.

 Accordingly, I deny Esserman's motion to dismiss the claims against him in his official capacity.

B. Fair's Motion for Judicial Notice (doc. 16)

Fair requests that I take judicial notice of three categories of documents: two articles about Esserman's career; provisions of the New Haven City Charter; and a FOIA request from Fair's counsel to the New Haven Board of Police Commissioners along with the Board of Commissioners' response. I discuss each of these categories in turn.

The Second Circuit has held that: "it is proper to take judicial notice of the *fact* that press coverage . . . contained certain information, without regard to the truth of their contents." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (emphasis in original). But because Fair does appear to be offering the articles for their contents, I decline to take judicial notice of them.

There is no question that I may take judicial notice of a municipal charter. *See Lewis v. Livingston Cnty. Ctr. for Nursing & Rehab.*, 30 F. Supp. 3d 196, 203 (W.D.N.Y. 2014) (taking judicial notice of a county resolution); *Polo v. City of New York*, No. 12-cv-3742 SJ VVP, 2013 WL 5241671, at *1 (E.D.N.Y. Sept. 17, 2013) (taking judicial notice of a municipal law).

Finally, the FOIA requests are not a proper subject for judicial notice. They are "not public records of agency actions," such that they could be confirmed by sources whose accuracy could not be reasonably questioned. *Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14 CIV. 00585 AJN, 2014 WL 2526965, at *7 (S.D.N.Y. June 3, 2014). Furthermore, Fair urges a particular interpretation of the content of the documents that will likely be disputed by Esserman—namely that by referring the request to Esserman's office, the response proves that Esserman has policy-making control. Pl.'s Br. at 14. "Resolving a pre-discovery dispositive motion by taking notice of potentially disputed facts contained in such documents would not be proper." *Id.* Accordingly, I decline to take judicial notice of the FOIA communications.

## IV.   Conclusion

I deny Esserman's motion to dismiss the claims against him in his official capacity because the complaint sufficiently alleges that the violation of Fair's rights was the direct result of actions taken by a final policy-maker.

I also grant in part Fair's motion for judicial notice with respect to the New Haven city charter, and deny it in part with respect to the newspaper articles and FOIA communications.


So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of November, 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge